BAKER MANUF'G CO. *v.* WASHBURN & MOEN MANUF'G CO. and another.

*(Circuit Court, S. D. Iowa, C. D.    September, 1883.)*

PATENT-RIGHT—LICENSE—INJUNCTION, WHEN DISSOLVED, WHEN GRANTED.
 The complainant is the licensee of a certain patent-right owned and controlled by the defendants. The license stipulated that the royalty to be paid by the complainant should be no greater than that charged to any other licensee. The complaint avers that the defendants charge one H., another licensee of the same right, a royalty smaller than that charged the complainant. It is further averred that the defendants threaten to annul the complainant's license for non-payment of the royalty originally fixed therein, and also to sue the complainant for infringement of the patent because of such non-payment. On a motion to dissolve a preliminary injunction obtained against the defendants, it was *held* (1) that, in so far as the injunction restrained the defendant from suing to recover the royalty provided in the complainant's license, it must be dissolved, because the complainant has an ample defense, and a plain, speedy, and adequate remedy at law; (2) that so much of the injunction as restrains the defendants from declaring the complainant's license forfeited for non-pay-

ment of the royalty at the rate originally fixed therein, should remain in force, as the damages resulting to the complainant from a public declaration of the forfeiture could not readily be ascertained and compensated in money.

## On Motion to Dissolve or Modify Injunction.

The complainant is a corporation engaged in the manufacture of barbed wire under a license from the defendants, who are the owners of certain letters patent covering not only the product itself, but also machines for manufacturing the same. Among other things the said license provides as follows:

"The royalty to be paid under this license shall not be greater than that charged to any other party licensed after the first day of January, A. D. 1881, under the said several letters patent, or any of them hereinbefore mentioned by date and number, by said Washburn & Moen Manufacturing Company; that is, if said Washburn & Moen Manufacturing Company shall hereafter conclude to and does license any other party or parties, during the continuance of this license, to manufacture and sell barbed fence wire in the United States and territories under said letters patent, or any of them hereinbefore mentioned by date or number, at a less sum per pound than three-fourths ($\frac{3}{4}$) of a cent, then and thereafter the royalty to be paid by said Baker Manufacturing Company to said Washburn & Moen Manufacturing Company under this license shall be the same as such reduced royalty."

The bill avers that since the execution of said license the defendants have executed to one Jacob Haish, of Chicago, Illinois, a contract of license, whereby the said Haish is to pay no royalty or license fee for the first 4,000 tons of wire to be manufactured and sold annually by him, and that for the second 4,000 tons the said Haish is to pay a royalty or license fee of 50 cents per hundred pounds only, and that ever since the granting of said license the said Haish has continued to manufacture and sell barbed wire by virtue thereof; by reason whereof the plaintiff claims to be entitled to have its license so modified as to conform the royalty to be paid to that specified in the license given to said Haish.

It is averred that since discovering the existence and terms of the contract between defendants and said Haish, complainant has paid royalty only under protest, and has demanded a modification of its license, which defendants refuse to make or grant; also that defendants threaten to annul plaintiff's license if plaintiff ceases to make payments of royalty as therein provided, and to bring suit against it for infringement of the patent owned and controlled by them. The prayer of the bill is as follows:

"Wherefore plaintiff prays that a decree of this court may be entered herein adjudging that plaintiff's said license be so modified as to conform in the royalty to be paid to the license so granted by defendants to said Jacob Haish. That pending this suit an injunction issue restraining said defendants, or either of them, or their agents or attorneys, from annulling or attempting to annul or revoke said license until the final decree shall be entered herein, and further restraining said defendants, or either of them, or their agents or attorneys, from instituting any suit or action against the plaintiff by reason of its failure to pay the royalty provided for in and by said license, and for such other and further relief as to equity and good conscience may seem meet, and costs."

*Wright, Cummins & Wright,* for complainant.

*Lehman & Park,* for respondent.

McCRARY, J. 1. The preliminary injunction is broad enough in its terms to restrain the defendants from annulling, or attempting to annul or revoke, the complainant's license for any cause whatever, and it, therefore, goes beyond the scope of the bill. The purpose of the bill is to prevent a cancellation of the complainant's license, because of its refusal to pay a higher royalty than that exacted by defendants from Haish. The mandate of the writ should go no further than the allegation of the bill, and it will be modified accordingly.

2. In so far as the injunction restrains the defendants from instituting any suit or action against complainant to recover the royalty provided in the license of complainant, it must be dissolved, for the reason that it is wholly unnecessary for the protection of complainant's rights. If the allegations of the bill be true, the amount of royalty to be paid by complainant has been reduced by the action of defendants in granting license to another at lower rates, and, this being so, the complainant is only bound to pay or tender the reduced rates and its license will remain in full force. If sued for such royalty, its defense at law is ample, and its remedy plain, speedy, and adequate. It needs no affirmative aid from any court, either of law or equity, to enable it to defend. It can protect its rights by its own action in complying, or offering to comply, with the terms of its contract. The defense of such a suit would be that of a tender of payment or satisfaction in full of the demand sued upon; and it will not, of course, be claimed that the aid of a court of equity is required to establish it. *Florence Sewing-machine Co.* v. *Singer Manuf'g Co.* 8 Blatchf. 113.

3. We think that so much of the injunction as restrains the defendant from declaring a forfeiture of the complainant's license for non-payment of royalty at the rate originally fixed therein, should remain in force. A public declaration of such a revocation might greatly injure the business of the complainant, and the damages could not readily be ascertained and compensated in money. It would destroy, in a great measure, confidence in the right and title of complainant, and thus disable it from making sales. Persons dealing in patented articles must be able to assure the public that they have a clear right to do so, in order to secure patronage, since both seller and buyer may be liable in damages if the article is sold in violation of the rights of the owner of the patent-right. Upon this point we concur in the views expressed by the supreme judicial court of Massachusetts in *Florence Sewing-machine Co.* v. *Grover & Baker Sewing-machine Co.* 110 Mass. 1.

Let an order be entered in accordance with this opinion.